## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**KELVIN FRANCIS**                          **DOCKET NO. 6:24-CV-00505**
                                                             **SECTION P**

**VERSUS**                                   **JUDGE DAVID C. JOSEPH**

**15ᵀᴴ JUDICIAL DISTRICT COURT**     **MAGISTRATE JUDGE AYO**

### REPORT AND RECOMMENDATION

Before the court is an APPLICATION FOR WRIT OF MANDAMUS filed by *pro se* plaintiff Kelvin Francis, in which he asks this Court to order the state court to select a date to resentence him in a manner consistent with *Miller v. Alabama*. (Rec. Doc. 1). Francis is in the custody of the Louisiana Department of Corrections and incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, it is recommended that the motion be **DENIED**.

### I.      Background

On October 3, 2016, in *Francis v. Cain*, Judge S. Maurice Hicks, Jr. ordered the Fifteenth Judicial District Court, Acadia Parish, to resentence Francis in compliance with *Miller v. Alabama*. (Rec. Doc. 17 in Case No. 6:16-cv-197). Francis instituted the present action, requesting that this Court order the trial court to "select a date to sentence Francis," as he has not received anything from that court informing him of the progress of his case since April 20, 2022.

## II.    Law & Analysis

"Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275.

Here, the Court lacks jurisdiction to grant the only relief Francis seeks: an order forcing the state trial court to schedule his resentencing. *See Sepeda v. Rex*, 72 F. App'x 215 (5th Cir. 2003); *Rhodes v. Keller*, 77 F. App'x 261 (5th Cir. 2003) ("The district court was within its authority to construe Rhodes' complaint as a petition for a writ of mandamus because Rhodes is merely seeking to have the federal court direct the state court to perform its duties as he wishes.").

"[A]bsent a specific delegation[,] federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).  Francis should raise his concerns before the Louisiana courts. *See generally Alexander v. State of Miss.*, 655 F. App'x 989, 992 (5th Cir. 2016) ("As to Alexander's due process claim

arising from a state judge's alleged refusal to comply with a state court judgment, the plaintiff can seek a writ of mandamus in the state court of appeals.").

## III.   Conclusion

For the reasons stated above, Francis cannot obtain the relief sought in this matter in this Court.  Accordingly, **IT IS RECOMMENDED** that this matter be **DENIED and DISMISSED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers this 4th day of October, 2024.



David J. Ayo
United States Magistrate Judge